UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REAL PROPERTY LOCATED AT 36695
CLARITA, LIVONIA, MICHIGAN 48152;
17225 LENNANE, REDFORD, MICHIGAN,
48168; et al.,

    Defendants *In Rem*.

                                                    /

Case No. 15-12679

Honorable Nancy G. Edmunds

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER [18]

This matter comes before the Court on putative claimants William Elias and Vicky Elias and non-party Mustapha Hawily's (collectively, "Movants") motion to quash subpoenas issued on October 14, 2015 and for protective order. Movants additionally seek an award of attorney's fees for reasonable fees incurred in bringing this motion.

The Court has reviewed the pleadings and finds that the motion papers adequately set forth the relevant facts and law and oral argument will not aid in the disposition of Movants' motion. It is ORDERED that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the Court GRANTS the motion to quash subpoenas issued on October 14, 2015 and DENIES the motion for protective order. The Court DENIES the request for an award of attorney's fees.

I.  **Motion to Quash Subpoenas**

Federal Rule of Civil Procedure 45(d) allows a movant to request that a court quash or modify a subpoena if the subpoena causes an "undue burden" on the movant. Fed. R. Civ. P. 45(d)(3)(A)(iv). Whether a burden is undue requires weighing "the likely relevance of the requested material ... against the burden ... of producing the material." *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994). Non-party status is also a factor in the undue-burden analysis. *See, e.g.*, *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005); *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 09-50630, 2009 WL 2351769, at *1 (E.D. Mich. July 29, 2009). The movant bears the burden of demonstrating that the discovery sought should not be permitted. *See Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999). The burden of demonstrating relevance, however, is on the party seeking discovery. *Id.*

The relevant underlying claim in this matter, as set forth more fully in the Complaint, is that William Elias and others obtained proceeds from a scheme to defraud financial institutions and used those proceeds to purchase the Defendant properties. (Dkt. 1, at 6-61). Defendant properties, the Complaint alleges, are therefore forfeitable as proceeds of illegal activity and/or as property traceable to the proceeds of illegal activity. (Dkt. 1, at 5).

The subpoenas at issue seek testimony and documents related to the preparation of the verified claim of interest in the Defendant properties by a law firm assistant, Mustapha Hawily, and Putative Claimants, William and Vicky Elias.[1] The verified claim of interest was

---

[1] In order to contest a civil forfeiture action, putative claimants are required, under Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, to file a verified claim asserting an interest in the defendant property. Fed. R. Civ. P. Supp. R. G(5).

filed on September 29, 2015, which was six days past the due date. (Dkt. 9). There is no dispute that the verified claim of interest was filed late. In addition, as far as this Court is aware, there is no dispute that the Putative Claimants do, in fact, have an interest in the Defendant properties. The reasons for the late filing have been discussed at length in the briefs supporting the pending motion to strike the answer, motion to strike the claim of interest, and motion for enlargement of time to file the claim of interest. (*See, e.g.*, Dkt. 7, 12, 14).

The Court finds that the information sought by additional testimony or documents relating to this issue is not sufficiently relevant to justify the burden of complying with the subpoenas. And with regard to Mr. Hawily, his status as a non-party is a factor that weighs against him being compelled to testify at a hearing.

The Court acknowledges that the Government has suggested that the signature on Mustapha Hawily's affidavit, filed in support of Putative Claimants' response to the Government's motion to strike the answer, may not be authentic. (*See* Dkt. 24, at 9). If the government is correct, there may be appropriate sanctions levied against Putative Claimants for submitting falsified documents to the Court. This does not, however, change the underlying facts here: the Government seeks forfeiture of six properties in which (as the Government is well aware) Putative Claimants have an interest. But for being six days tardy, the verified claim of interest appears to comply with Supplemental Rule G(5). Any further explanation of the six-day delay is neither sufficiently relevant, nor necessary.

**II.   Motion for Protective Order**

Movants also request a protective order precluding the Government from seeking the testimony and documents sought by the subpoenas. A court "may, for good cause, issue

an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking the protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001). To show good cause, the movant "must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements." *Id.* (internal citation omitted).

In light of the Court's ruling quashing the subpoenas, the Court finds a protective order is unnecessary at this time, and Movants have not met their burden of showing that good cause for a protective order exists.

### III. Request for Attorney's Fees

Finally, Movants seek attorney's fees for the expense incurred in bringing this motion. Under Rule 45(d)(1), an attorney issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). The court "must enforce this duty and impose an appropriate sanction—which *may* include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.* (emphasis added). Rule 45(d)(1) does not mandate attorney's fees; rather, an award of fees is within the Court's discretion. *See, e.g.*, *Muslim Cmty. Assoc. of Ann Arbor v. Pittsfield Twp.*, No. 12-10803, 2015 WL 5132583, at *3 (E.D. Mich. Apr. 24, 2015). The Court does not, in its discretion, find that an award of attorney's fees is warranted here.

Being fully advised in the premises and having read the pleadings, the Court hereby GRANTS the motion to quash subpoenas issued on October 14, 2015 and DENIES the motion for protective order. The request for an award of attorney's fees is DENIED.

SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: October 22, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 22, 2015, by electronic and/or ordinary mail.

        S/Carol J. Bethel
        Case Manager